OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated September 28, 2011, containing 11 charges of professional misconduct. After a hearing on July 9, 2012, at which the respondent appeared pro se, the Special Referee sustained charges 1 through 4 and 7 through 11, but did not sustain charges 5 and 6. The Grievance Committee moved to confirm in part, and disaffirm in part, the Special Referee’s report and to impose such discipline upon the respondent as the Court deemed just and proper. The respondent has now submitted an affidavit dated September 28, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9).
The respondent acknowledges that he is the subject of a pending disciplinary proceeding, wherein he is charged with, and in his affidavit admits to, failing to preserve the sum of $16,500 in his trust account, which was entrusted to him for his client Ching Loong Lam, and failing to remit those funds to his client, failing to handle an appeal entrusted to him by Mary Pirraglia, on behalf of her infant son, despite being paid a retainer in the sum of $2,600, and misleading Pirraglia regarding the status of the appeal on numerous occasions, failing to obtain the balance of a settlement due to his client Ibis Lam, and failing to cooperate with the Grievance Committee in their investigations of complaints filed against him by Ching Loong Lam and Uri Somech.
The respondent also acknowledges that he is the subject of an ongoing investigation by the Grievance Committee, which revealed that he converted funds from two real estate transactions that were due to his former clients Yael Yakubov and Israel Yakubov, and that he converted a down payment in the sum of $29,000 from a real estate transaction between Edward Marks and Cindy Marks and his clients David Abramhov and Tova *233 Abramhov. He avers that he would not be able to successfully defend himself on the merits against charges predicated on the foregoing.
The respondent acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement as an attorney for a minimum period of seven years.
The respondent further acknowledges that his resignation is subject to any application that might be made by the Grievance Committee for an order directing that he make restitution pursuant to Judiciary Law § 90 (6-a) (a), as well as the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept the respondent’s resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, P.J., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the respondent’s resignation is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, *234 justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,
Ordered that the pending disciplinary proceeding is discontinued; and it is further,
Ordered that the Grievance Committee’s motion to confirm in part, and disaffirm in part, the report of the Special Referee in that matter is denied as academic.